UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Goddard, Inc., d/b/a
Freshway Food Systems,

Plaintiff,

vs. MINUTE ORDER

Henry's Foods, Inc.,

Defendant. Civ. No. 01-1478 (RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 12th day of March, 2002.

* * *

On March 6, 2002, the Court heard argument on the Plaintiff's informal Motion to Compel. At the time of the Hearing, the Plaintiff Goddard, Inc. ("Freshway"), appeared by Mark J. Arndt, Esq., and the Defendant Henry's Foods, Inc. ("Henry's"), appeared by Amy J. Doll, Esq. For reasons expressed during the course of the Hearing, and briefly summarized below, the Plaintiffs' Motion is granted.

The parties' dispute stems from a previous business relationship between the parties. In 1997, Henry's, which is a regional food service distributor, began delivering food products to Freshway franchises, which are deli-style restaurants. In November of

FILED MAR 12 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

1999, however, the distribution agreement was terminated by Freshway. Thereafter, Henry's began operating its own deli-style restaurants, doing business as "Deli-Max." Between April and June of 2000, eight of Freshways' franchisees terminated their Freshways' franchises, and began operating Deli-Max franchises. These same eight franchises had previously been serviced by Henry's, when it was operating as Freshway's food service provider.

Based on these circumstances, Freshway has filed suit against Henry's, claiming, in part, trade dress infringement, and interference with prospective business advantage. As here pertinent, the trade dress infringement claim is based on the fact that the eight franchises assertedly maintained the same "look" when they switched from Freshway and Deli-Max. Through discovery, Freshway has requested copies of the contracts between Henry's and these eight Deli-Max franchises, asserting that the contracts could provide evidence of Henry's intent to infringe. Henry's has resisted the production of the contracts, by claiming that they are irrelevant to Freshway's claims, and that they are also confidential.

Upon our close review, we conclude that the contents of the requested contracts may well lead to the discovery of admissible evidence. See, Rule 26(b)(1), Federal Rules of Civil Procedure ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of

admissible evidence."). While the contracts themselves are certainly not a part of Henry's trade dress, it may well be that, through the contracts, Henry's has required its franchises to mirror the look of Freshway's trade dress. Such a provision would go to the issue of the intent of Henry's to imitate Freshway's commercial appearance, which is a relevant consideration on the issue of trade dress infringement. See, Luigino's, Inc. v. Stouffer Corp., 170 F.3d 827, 830 (8th Cir. 1999); Co-Rect Prods., Inc. v. Marvy! Adver. Photography, Inc., 7870 F.2d 1324, 1330 (8th Cir. 1985) (stating that, in order to determine whether there is infringement, there must be a likelihood of confusion, and setting out six factors for analyzing likelihood of confusion, including "the alleged infringer's intent to 'pass off' its goods as those of the trademark owner"). Thus, as we determine that the contracts have met the threshold requirement for discovery -- that is, "relevance" -- we grant the Plaintiff's Motion to Compel.[1]

NOW, THEREFORE, It is --

---

[1]The Defendant also asserts that the contracts contain confidential information. As we directed at the Hearing, the parties should craft a Protective Order, for execution by the Court, which would preserve the confidential nature of the contracts. If the parties are unable to agree on the provisions of such a Protective Order, they should immediately contact the Court for a resolution of the impasse.

ORDERED:

That the Plaintiff's informal Motion to Compel is GRANTED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE