**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

GODDARD, INC., d/b/a FRESHWAY FOOD SYSTEMS,

Plaintiff,

vs.

HENRY'S FOODS, INC.,

Defendant.

Civ. File No.: 01-1478 MJD/RLE

**STIPULATION FOR PROTECTIVE ORDER**

---

It is hereby stipulated by and between the parties hereto that the court in the above-captioned matter may enter a Stipulated Protective Order containing the following language:

Documents, testimony, information, and other materials may be sought, produced, or exhibited by and among the parties and non-parties in this action which relate to confidential, proprietary, commercial, or trade secret information.

THIS COURT ORDERS, on consent of the parties through their respective attorneys, that:

1. This order shall control the confidentiality of information contained in documents, testimony, or other materials given or produced at any time following March 15, 2002, both prior to and subsequent to the entry of this order in this action by parties.

2. For the purposes of this order, "confidential information" shall mean any testimony, document, information, or other material relating to confidential, proprietary, commercial, or trade secret information which has been in good faith designated as "confidential" by the parties or non-party disclosing such information voluntarily, informally, or pursuant to formal discovery procedures.

FILED MAY 01 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

35

3. The designation of such information must be in writing, specifically setting forth the reason for the claim of confidentiality.

4. With respect to documents containing confidential information, the designation shall describe the documents by giving the form, topic, or subject matter, including dates of origin, authors, the date and place of disclosure, and any other information reasonably necessary to identify the documents. The designation need not be on the face of the document, or by reference to a specific document, but may be made by reference to files or types of documents.

5. Testimony may be designated as confidential either by oral statement on the record or by a separate written notice giving page and line references.

6. The designation of information as confidential must be made at the time the information is disclosed, or within a reasonable time thereafter.

7. A party may designate as confidential any portion of information to be given by it at any deposition, trial, or other proceeding in this action. In the event of such designation, arrangements shall be made with the reporter attending such depositions, hearing, or trial to bind the confidential portions of such transcript separately and label such portion, including confidential exhibits, as "confidential."

8. When confidential information is presented, quoted, or referenced in any deposition, hearing, trial, or other proceeding in this action, counsel for the party claiming confidentiality, after reasonable notice, may make arrangements, or when appropriate, request the court to make arrangements, to ensure that only persons identified in paragraph 10 are present during such presentation, quotation, or reference.

9. The information provided in this action and designated as confidential by the disclosing party or non-party in accordance with this order shall be treated by the parties and their counsel of record as confidential. The use and disclosure of confidential information by the

parties to whom such information is disclosed shall be strictly confined and limited to what is reasonably necessary to the effective pursuit of the claims and defenses raised in the present lawsuit only. The information may be copied by the parties as necessary to achieve this goal. All other use and disclosure by the parties during the pendency of this action or after its termination is hereby prohibited.

10. Unless agreed to in writing by counsel by the producing party or non-party or permitted by further order of the court, the parties to whom confidential information is disclosed may themselves disclose such information only to the following persons and under the following conditions:

a. To counsel of record, their associated attorneys and their regularly employed support staff, including paralegal and clerical personnel, engaged in the conduct of this action;

b. To regular employees of the parties or their insurers who are assisting in the supervision or conduct of this action and who sign before disclosure to them a written assurance as set forth in Exhibit A;

c. To the United States District Court, District of Minnesota and court personnel, including stenographic reporters regularly employed by the court;

d. To stenographic reporters, not regularly employed by the court, who are engaged in such proceedings as are necessarily incident to the conduct of this action and who sign before disclosure to them a written assurance as set forth in Exhibit A;

e. To witnesses or prospective witnesses or other persons requested by counsel to furnish technical or other expert services, to give testimony, or otherwise to prepare for any deposition, hearing, trial, or other proceeding in this action and who sign before disclosure to them a written assurance as set forth in Exhibit A.

11. If confidential information is disclosed to a person from whom a written assurance referred to in paragraph 10 above is required, the provisions of paragraph 10 shall not be construed to require the parties or their counsel to reveal the identity of those persons, other than in camera, in a proceeding brought to enforce the terms of this order before or after the termination of this action. However, each party's counsel shall maintain a list of names, business titles, and business addresses of all persons, excluding counsel of record and counsels' law firm personnel, to whom Confidential documents, information and testimony are disclosed.

12. All information, subject to confidential treatment in accordance with the terms of this order, which is filed with the court, and any pleading, motion, or other paper information, shall be filed under seal and kept under seal and shall be available to the court and counsel of record for their use.

13. The failure of any party to challenge the designation of information as "confidential" at the time of its designation shall not be deemed a waiver of its right to challenge the propriety of such designation at any time.

14. If any party to whom confidential information is disclosed at any time objects to the designation of such information as "confidential" and if efforts to resolve the dispute with the disclosing party fail, the objecting party shall within 30 days from the making of the objection, submit the dispute to this court for resolution. Any information the designation of which is the subject of dispute shall be treated as confidential and shall be subject to the restrictions on use of disclosure contained in this order until the court resolves the dispute.

15. Upon submission of the dispute to this court, the party claiming confidentiality of the information shall have the burden of establishing that the information is of the kind for which a protective order should be issued pursuant to the Federal Rules of Civil Procedure. Nothing contained in this order shall be deemed to waive or otherwise limit the right of either the objecting or disclosing party to appeal from this court's determination of the dispute.

16. Within Sixty (60) days from the final determination of this action, counsel of record for each party receiving confidential information upon written demand of counsel shall assemble and return to the disclosing party all such confidential information, except that all materials containing such confidential information which constitute the work product of counsel of record shall be immediately destroyed, unless specific authorization not to destroy this work product is agreed upon by the parties or is granted upon petition that states precisely which items

the parties do not wish to destroy and the supporting reasons. All attorneys of record shall certify that all documents and all copies of confidential documents, including all documents provided to parties and to persons described in paragraph 10, have been returned or destroyed as required in this order.

17. The restrictions contained herein with respect to the communications and disclosure to others of Confidential testimony, information and documents shall continue in full force and effect during the pendency of and following conclusion of this case, and shall be duly binding upon each receiving party, its counsel and employees.

IT IS SO ORDERED.

BY THE COURT:

Dated: May 1, 2002

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

AGREED TO AND STIPULATED TO FOR IMMEDIATE ENTRY.

MAY & JOHNSON, PC

4/3/02
Mark J. Arndt
4804 S Minnesota Avenue
PO Box 88738
Sioux Falls, SD 57109-8738
(605) 336-2565
Attorneys for Plaintiff Freshway

JOHNSON, KILLEN & SEILER, P.A.

4-5-02
Joseph J. Roby, Jr., MN Atty ID No. 9240X
230 W. Superior St., Suite 800
Duluth, MN 55802
(218) 722-6331
Attorneys for Plaintiff Freshway

FLUEGEL, HELSETH, MCLAUGHLIN, ANDERSON & BRUTLAG, CHARTERED

Amy J. Doll, MN Atty Id. No. 237899
Warren C. Anderson, MN Atty ID No. 2483
215 Atlantic Plaza, PO Box 527
Morris, MN 56267
(320) 589-4151
Attorneys for Defendant Henry's, Inc.

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

GODDARD, INC., d/b/a FRESHWAY FOOD SYSTEMS,

Civ. File No.: 01-1478 MJD/RLE

Plaintiff,

vs.

**COMPLIANCE WITH PROTECTIVE ORDER**

HENRY'S FOODS, INC.,

Defendant.

---

STATE OF __________________ )
) ss.
COUNTY OF ________________ )

Affiant, being first duly sworn, states:

1. I am ______________________________

2. I am a[n] ___________________ on behalf of _________________ [Plaintiff/Defendant] in the above-captioned matter.

3. I have read and understood the Protective Order of this Court dated ______________.

4. I am fully familiar with and agree to comply with and be bound by the Protective Order at all times during and at the conclusion of the above-captioned matter.

5. I will not copy, use or divulge to anyone, other than those persons authorized by the Protective Order, any information protected by the Protective Order unless expressly permitted by this Court.

6. For the purposes of enforcing compliance with this Protective Order I irrevocably submit to the jurisdiction of this Court and appoint the Court Administrator as agent for the service of process, pleadings, and other papers in connection with all claims arising out of this written assurance.

FURTHER YOUR AFFIANT SAITH NOT.

____________________________________

Subscribed and sworn to before me
this ______ day of _______________, 200__.

________________________________
Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.