UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Goddard, Inc., d/b/a
Freshway Food Systems,

Plaintiff,

vs. ORDER

Henry's Foods, Inc.,

Defendant. Civ. No. 01-1478 (RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 8th day of October, 2002.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge, pursuant to the consent of the parties under Title 28 U.S.C. §636(c), upon the Plaintiff's Motion for leave to amend its Complaint.[1] A Hearing on the Motion was conducted on September 3, 2002, at which time, the Plaintiff appeared by Mark J. Arndt, Esq., and the Defendant appeared by Amy J. Doll, Esq.

For reasons which follow, we grant the Plaintiff's Motion to Amend its Complaint.

---

[1]Since the deadline for the filing of a Motion to Amend a Pleading has expired, the Plaintiff also filed a Motion to Extend that deadline, so as to allow a Hearing on his Motion to Amend. The amendment deadline expired just prior to the date of the Hearing, however, and the Defendant does not oppose the Motion to Extend, which we grant without further discussion.

OCT 08 2002

50

## II. Discussion

Of the proposed amendments, to the Plaintiff's original Complaint, with which the Defendant takes exception, we need only address one -- namely, the proposed amendment to the Plaintiff's "Sixth Claim for Relief."[2] The amendment is proposed to cure the fact that, as originally filed in the United States District Court for the District of South Dakota, this claim alleged only "service mark infringement in violation of the common law of the State of South Dakota." Complaint at p. 10. By Order dated August 10, 2001, the District Court in South Dakota transferred the action to this Court. See, Docket No. 18. Accordingly, the Plaintiff proposes to substitute the following language for the earlier citation to the common law of South Dakota:

> 44. Henry's above averred acts constitute service mark infringement in violation of Chapter 333 of the Minnesota State Statutes.

As the Defendant correctly notes, Minnesota Statutes Section 333.29[3] only allows relief, for the type of infringement that the

---

[2]The Defendant had also objected to the proposed amendments to the Eighth and Ninth Claims for Relief. As the Plaintiff urged, at the time of the Hearing, these claims are verbatim recitations of the same Eighth and Ninth Claims for Relief in the Plaintiff's original Complaint. Accordingly, the Plaintiff needs no leave of Court to recite, again, the claims originally pled, and we do not address the Eighth and Ninth Claims further.

[3]Minnesota Statutes Section 333.29, Subdivision 1, provides as (continued...)

Plaintiff alleges, when the mark is registered under Sections 333.18 through 333.31, in the office of the Minnesota Secretary of State. The Plaintiff concedes that its mark has not been so registered in Minnesota, but notes that Minnesota Statutes Section 333.41 requires no such registration as a condition precedent to a lawsuit.

Section 333.41 provides as follows:

---

[3](...continued)
follows:

> An owner of mark registered under sections 333.18 to 333.31 may bring an action to enjoin the manufacture, use, display, or sale of any counterfeits or imitations of the mark, and a court of competent jurisdiction may grant injunctions to restrain the manufacture, use, display, or sale as the court considers just and reasonable. The court may require the defendants to pay the owner either or both of the following: (1) all profits derived from the wrongful manufacture, use, display, or sale; or (2) all damages suffered by reason of the wrongful manufacture, use, display, or sale. The court may also order that counterfeits or imitations in the possession or under the control of a defendant be delivered to an officer of the court, or to the complainant, to be destroyed. The court, in its discretion, may enter judgment for an amount not to exceed three times the profits and damages and reasonable attorneys' fees of the prevailing party if the court finds the other party committed the wrongful acts with knowledge or in bad faith or otherwise as according to the circumstances of the case.

> When any person, or any association or union of workers, shall have adopted or used any label, trademark, term, design, device, or form of advertisement for the purpose of designating, making known, or distinguishing any product of labor as having been made, produced, prepared, packed, or put on sale by such person, association, or union, or by a member thereof, it shall be unlawful to counterfeit or imitate the same, or to use, sell, offer for sale, or in any way utter or circulate, any counterfeit or imitation of any such label, trademark, term, design, device, or form of advertisement.

While we read this statutory provision as being focused on products which bear a "union label" so as to distinguish the product from non-union goods, there is no case that we have uncovered, or that the parties have drawn to our attention, that so holds. Nonetheless, it appears that the genesis for the Statute was the Minnesota Supreme Court's decision in Cigar-Makers Protective Union v. Conhaim, 40 Minn. 243, 41 N.W. 943 (1889), which held that such "union labels" were not protectible trademarks.

Nor are we convinced that, the Minnesota Legislature having amended Section 333.29 in 1998, there remains a viable civil action, under Minnesota State law, for any marks not registered with the Minnesota Secretary of State. This issue, however, has not been fully briefed by the parties and, at this juncture, to rule that the Plaintiff's proposed amendment of the Sixth Claim for Relief is futile requires the same standard of review as a Motion

to Dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure. See, Brancheau v. Residential Mortgage Group, Inc., 177 F.R.D. 655, 656 (D. Minn. 1997), and cases cited therein. As a result, we will allow the amendment to the Sixth Claim for Relief, that the Plaintiff proposes, as it will not engender any appreciable discovery, although it may well prompt a future dispositive Motion. By deferring our ruling we allow for the off-chance that intervening authority may better illuminate the issue.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's Motion to Extend the Hearing Date on Motions to Amend Pleadings, and to Allow Amendment of the Plaintiff's Complaint [Docket No. 45], are GRANTED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE